J-A02022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS DAVIS | : | |
| | : | |
| Appellant | : | No. 995 WDA 2021 |

Appeal from the Order Entered August 13, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0004098-1989

BEFORE:   OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY MURRAY, J.:                    **FILED:  January 28, 2022**

Thomas Davis (Appellant) appeals *pro se* from the trial court's order dismissing his "Application for Relief."  Upon review, we quash.

This Court, in a prior decision, explained:

Appellant was convicted of at least one count of robbery at actions numbers 1098 of 1989, 4099 of 1989, 4606 of 1989, and 184 of 1991.  [**Appellant was acquitted of at least one count of robbery in a fifth case, action number 4098**.]  Sentence was imposed at each matter on January 14, 1992.  ...  Appellant thereafter filed such a plethora of petitions for post-conviction relief in these [five] cases that the requests are incapable of being quantified.  Some of the denials of relief were appealed, and we ruled that the PCRA petitions at issue were untimely filed.

*Commonwealth v. Davis*, 2015 WL 7587436, at *1 (Pa. Super. Feb. 10, 2015) (unpublished judgment order) (citations omitted) (emphasis added).

_____

[*] Retired Senior Judge assigned to the Superior Court.

On July 15, 2021, Appellant filed an "Application for Relief" in this Court, seeking "remand of this matter [at CP-02-CR-0004098-1989] ... for the release of charges based upon the March 1990 DNA disposition of exoneration." Application for Relief, 7/15/21, at 3. Appellant's application pertained to an appeal from 2013.[1] On July 21, 2021, we denied Appellant's application, stating "there is no appeal presently pending before this Court. Appellant may seek relief in the lower court." Order, 7/21/21.

On July 26, 2021, Appellant filed an application for relief in the trial court, to which he attached our July 21, 2021, order. On August 13, 2021, the trial court dismissed the case "as moot because [Appellant] was acquitted of all charges at said criminal information on May 3, 1991." Order, 8/13/21. Appellant timely appealed. The trial court did not order Appellant to file a Rule 1925(b) statement. Rather, it issued an order transmitting the record without an opinion because "the reasons for the order appealed from already appear of record." Order of Court, 8/31/21.

On September 28, 2021, this Court issued a rule to show cause as to why the appeal should not be dismissed as moot. Appellant filed a response on October 12, 2021, stating "[d]ue to the falsified disposition the office of

---

[1] Appellant had appealed from the denial of his petition filed pursuant to the Post-Conviction Relief Act Petition (PCRA), and we denied relief because "Appellant was neither convicted of nor sentenced for the crime upon which his claim is based. Thus he is ineligible for PCRA relief." **Commonwealth v. Davis**, 2013 WL 11253477, at *1 (Pa. Super. Oct. 17, 2013) (unpublished memorandum); **see also** 42 Pa.C.S.A. § 9543(a).

District Attorney has failed to release any and all charges . . . wherein [A]ppellant remains legally charged at criminal information number CP-02-CR-0004098-1989." Response to Rule to Show Cause, 10/12/21, at 2. On November 15, 2021, this Court discharged the rule to show cause and referred the matter to this merits panel.

On appeal, Appellant presents the following question:

WHETHER, [t]he [trial] court abused its discretion in relying on the falsified disposition in its failure to grant relief?

Appellant's Brief at 4.

Appellant argues that he remains "charged," and the case at CP-02-CR-0004098-1989 was based on "fraud." *Id.* at 7. The Commonwealth counters that the appeal should be quashed because it is moot. Commonwealth Brief at 4-5. We agree with the Commonwealth. It is well-settled that an issue "is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009); *see also Commonwealth v. Barr*, 79 A.3d 668, 677 n. 15 (Pa. Super. 2013) (Court will not decide moot or abstract questions). Here, the record confirms that Appellant was acquitted at CP-02-CR-0004098-1989 in 1991, such that any claims are moot. *Commonwealth v. Booth*, 435 A.2d 1220, 1226 (Pa. Super. 1981); *see also Commonwealth v. Weis*, 611 A.2d 1218, 1228 n. 9 (Pa. Super. 1992) (finding challenge to sufficiency of evidence moot where defendant was acquitted of underlying charge).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/2022